IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

COREY SANDERS                                                            PLAINTIFF

           v.                     Civil No. 1:10-cv-01014

DAVID F. BUTLER, Columbia
County, Deputy Prosecuting Attorney;
and RANDY L. REED                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Corey Sanders (hereinafter Sanders), an inmate in the Maximum Security Unit of the Arkansas Department of Correction, Tucker, Arkansas, filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). He proceeds *pro se* and *in forma pauperis* (IFP). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is currently before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**Background**

In September of 1998, Sanders was convicted in the Columbia County Circuit Court of two counts of capital murder in the deaths of Larmarcio Lamont Griffin and Arthur Blackmon. *Complaint* at ¶ 7. Sanders was sentenced to two terms of life imprisonment without parole. *See Sanders v. Norris*, 529 F.3d 787, 788 (8th Cir. 2008).

At the time, David Butler was the Deputy Prosecuting Attorney of Columbia County. Randy Reed was the elected Coroner of Columbia County. During *voir dire*, neither Sanders nor his attorney, knew that Randy Reed, a prospective juror had: been present at the scene, in his capacity as Coroner; assisted in the recovery and removal of the victims' bodies; arranged the autopsies of the bodies; through his wife, was distantly related to one of the victims; and, as a mortician, had conducted the funeral of the victim to whom he was related by marriage. *See Sanders v. Norris*, 5:05-cv-00024 (Doc. 35 at pages 5-6)(E.D. Ark. December 11, 2006)(federal *habeas* petition); *Sanders v. Norris*, 529 F.3d 787, 790 (8th Cir. 2008). Reed was seated and served as a juror in the capital murder case. *Id.*

Sanders filed a direct appeal from the conviction raising two points. *See Sanders v. State*, 340 Ark. 163, 165, 8 S.W. 3d 520 (2000). First, he challenged the sufficiency of the evidence. *Id.* Second, he maintained the trial court erred in admitting photographs of the partially decomposed bodies of the victims. *Id.* The Arkansas Supreme Court rejected Sanders' arguments. *Id.* Additionally, because Sanders was convicted of capital murder and sentenced to life imprisonment without the possibility of parole, the Arkansas Supreme Court reviewed the record for all objections, motions, and requests decided adversely to Sanders. No error was found. *Id.*, 340 Ark. at 171.

Sanders' then filed a motion for post-conviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure. In this motion, Sanders argued that his trial counsel provided him ineffective assistance of counsel by failing to conduct an adequate *voir dire* examination of Reed and by failing to remove Reed from the jury. Sanders arguments were rejected. *Sanders v. State*, CR 02-1116 (Ark. Oct. 16, 2003). Sanders over a period of time filed three petitions for a *writ of error coram nobis* with the Arkansas Supreme Court. *See Sanders v. State*, 2010 WL 987045 (Ark. March 18, 2010). The petitions were all rejected. *Id.* Sanders sought *habeas* relief under the provisions of

28 U.S.C. § 2254. *See Sanders v. Norris*, 5:05-cv-00024 (E.D. Ark). He argued, among other things, that his attorney was constitutionally ineffective in conducting *voir dire* of prospective juror Reed. *Id.* (Doc. 35 at page 5). Sanders did not argue Reed's juror misconduct during *voir dire* was a violation of his Sixth Amendment right to a fair trial. *Id.* at pages 7-8. Sanders' claims for *habeas* relief were found to be without merit.

Sanders appealed. *Sanders v. Norris*, 529 F.3d 787 (8th Cir. 2008). One of the arguments raised by Sanders on appeal was that the district court erred in not construing his petition to include a claim that Reed's conduct during *voir dire* deprived Sanders of the right to a fair trial as guaranteed by the Sixth Amendment. *Id.*, 529 F.3d at 789. The Eighth Circuit held that Sanders had defaulted on this claim because he did not raise the issue of Reed's failure to respond to the questions as a ground for relief in state court. *Id.*

Sanders has now filed this case under 42 U.S.C. §§ 1983 & 1985(3) against Butler and Reed. Sanders alleges Butler and Reed conspired to infringe upon his right to have a fair and impartial jury trial, deprived him of Due Process, and deprived him of the Equal Protection of the law. As relief, Sanders specifies that he is not attacking the fact or duration of his confinement. Instead, he asserts he is seeking damages based on Defendants' actions in violating his constitutional rights. He argues an abatement of confinement is an alternative remedy within the power and authority of Defendant Butler.

**Discussion**

Notwithstanding Sanders' attempt at artful pleading, this case is subject to dismissal. First, Butler, the deputy prosecuting attorney, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages "in initiating a prosecution and in

presenting the State's case."   *Id.*, 424 U.S. at 427.   This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.   *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity.  A prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear Butler is entitled to absolute immunity.  *See Reasonover v. St. Louis County, Mo*, 447 F.3d 569, 580 (8th Cir. 2006)(Prosecutor absolutely immune from a civil conspiracy charge when his alleged participation in the conspiracy consists of otherwise immune acts.  Even if the prosecutor knowingly presented false, misleading, or perjured testimony or withheld exculpatory evidence, he is absolutely immune from suit).  *See also White v. Bloom*, 621 F.2d 276, 280 (8th Cir. 1980)(absolute immunity for § 1983 claims extends to § 1985 claims); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 552 (M.D. Pa. 2007)(prosecutorial immunity extends to conspiracy claims brought under § 1985).

To the extent Sanders' complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a Plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Sanders can make no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, Sanders' § 1983 claims are barred by the statute of limitations.  Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S.

656, 660 (1987)(§ 1981 case).  *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case).  In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3).  *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).  Sanders' civil rights causes of action accrued when he knew or had reason to know of harm constituting the basis of the action.  *See Nasim v. Warden, Maryland House of Corrections*, 64 F.3d 951, 955 (4th Cir. 1995).

Reed served as a juror in Sander's criminal trial in September of 1998.  While it is not completely clear when Sanders learned of Reed's connections to the case, Sanders argued in his Rule 37 petition filed on March 10, 2000, that his attorney provided ineffective assistance of counsel by failing to adequately conduct a *voir dire* examination of Reed and by not moving to strike Reed from the jury.  Thus, at the very latest, Sanders was aware of the alleged constitutional violations forming the basis of this suit by March of 2000.  The complaint in this case was received on February 10, 2010.

Third, Sanders' claims brought under 42 U.S.C. § 1985 are barred by the statute of limitations.  Section 1985 does not contain its own statute of limitations.  Instead, causes of actions under § 1985 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987).  *See Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case).  This has been held to be a three year statute of limitations.  *Kaster v. State of Iowa*, 975 F.2d 1381, 1382 (8th Cir. 1992)(personal injury state statute of limitations applies to § 1985 cases).  As noted above, Sanders clearly was aware of the alleged constitutional violations by March of 2000.  Thus, his § 1985 claims asserted in this case are barred by the statute of limitations.

Finally, Sanders may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction under §§ 1983 or 1985. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(*habeas corpus* is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

### Conclusion

For the reasons stated, I recommend that the complaint be dismissed with prejudice. The claims asserted are frivolous, fail to state claims upon which relief may be granted, and are asserted against an individual immune from suit. 28 U.S.C. § 1915A(b). The dismissal of this action will constitute a "strike" under 28 U.S.C. § 1915(g). The Clerk of Court should be directed to place a § 1915(g) strike flag on the case.

**Sanders has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Sanders is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of April 2010.

    /s/ Barry A. Bryant  
    HON. BARRY A. BRYANT  
    UNITED STATES MAGISTRATE JUDGE